## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **AARON SCOTT**<br>2519 Merriway Lane<br>Cincinnati, Ohio 45231<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**USIS COMMERCIAL SERVICES, INC.**<br>**(Aka HIRERIGHT)**<br>c/o Registered Agent<br>Corporation Service Company<br>115 SW 89th Street<br>Oklahoma City, OK  73139-8511<br><br>　　　　　Defendant. | CASE NO. 1:09-CV-777<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

\* \* \* \*

## NATURE OF THE ACTION

1.　　Plaintiff, Aaron Scott ("Scott"), brings this action against Defendant, USIS Commercial Services, Inc., also known as HireRight ("USIS"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

2.　　USIS gave a grossly inaccurate background check report about Scott to Vitran Express Inc. ("Vitran") a trucking company, which had deferred his employment pending its receipt of the report.  This report erroneously identified Scott as a criminal defendant with charges and convictions of crimes, including a felony drug conviction.

3. Because of USIS's reckless and inaccurate report, Vitran declined Scott employment. As a result, Scott has suffered lost wages and substantial emotional distress.

## PARTIES

4. Scott is and has been a resident of Hamilton County, Ohio during all periods relative to this complaint.

5. USIS is a corporation headquartered in Tulsa, Oklahoma and is a consumer reporting agency as defined by 15 U.S.C. § 1681a. USIS conducts business in Ohio by providing Ohio employers with criminal background check reports regarding prospective employees.

## JURISDICTION AND VENUE

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to Scott's claims occurred in the Southern District of Ohio. 28 U.S.C. § 1391(b). Further, USIS is subject to personal jurisdiction in this district. 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

8. On or about October 30, 2007, Scott applied for a commercial truck driver position with Vitran, a long-haul trucking company with a terminal facility near Cincinnati, Ohio.

9. Scott has extensive commercial driving experience, garnering a clean class A Commercial Driver's License ("CDL") with Hazmat and Tanker endorsements.

10. After completing his employment application, Scott spoke with Vitran personnel, who advised that he would be hired pending receipt of a criminal background report.

11. On or about October 30, 2007, USIS provided Vitran with a criminal background

report purportedly regarding Scott.

12. The report furnished to Vitran indicates that Scott had a criminal record, including a history of felony convictions.

13. USIS provides criminal background reports instantaneously to employers via the internet, before providing such reports to consumers through the United States Mail.

14. USIS did not provide Scott with notification that adverse public record information was reported at the time it instantly, via the internet, provided the same to Vitran.

15. Despite the representations made by USIS in its report, Scott is not in any way the Aaron Scott reported as having a felony criminal history in the Cincinnati, Ohio area courts.

16. Scott contacted USIS and disputed the contents of its criminal background report by informing them that he had no criminal record and that the individual reported was another person with a similar or same name living in the Cincinnati, Ohio area.

17. In response, USIS instructed Scott to obtain a certified copy of the court docket for charges involving the erroneous Aaron Scott to prove he was not the individual identified in the criminal background report.

18. Because of USIS's recklessness and false statements about Scott, Scott lost the job opportunity with Vitran, and has sustained significant economic loss.

20. Scott is a "consumer" as defined by the Fair Credit Reporting Act "FCRA", 15 U.S.C. § 1681a(c).

21. USIS is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

22. The background check report created and provided by USIS to Vitran regarding Scott is a "consumer report" as defined by the FCRA, 15 U.S.C. § 1681a(d).

## COUNT ONE
### (Violation of 15 U.S.C. 1681k(a)(1))

23. Scott realleges and incorporates by reference all preceding allegations of law and fact.

24. The consumer report regarding Scott, created and provided by USIS to Vitran, contained inaccurate 'public records based' information, which had an adverse effect upon Scott's ability to obtain employment.

25. USIS failed to notify Scott that public record information was reported to Vitran at the time such report was provided to Vitran in violation of 15 U.S.C. § 1681k(a)(1).

26. USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. 1681o.

## COUNT TWO
### (Violation of 15 U.S.C. 1681k(a)(2))

27. Scott realleges and incorporates by reference all preceding allegations of law and fact.

28. USIS failed to maintain strict procedures designed to insure that public record information used in employment criminal background reports was complete and up to date, in violation of 15 U.S.C. §1681k(a)(2).

29. USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. 1681o.

## COUNT THREE
### (Violation of 15 U.S.C. 1681e(b))

30.     Scott realleges and incorporates by reference all preceding allegations of law and fact.

31.     USIS negligently or willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information about Scott when it prepared the December 7, 2007 report provided to Vitran in violation of 15 U.S.C. § 1681e(b).

32.     Specifically, USIS's violations arise from: (a) its disclosure of criminal cases relating to a person not Scott, and (b) failing to investigate whether the person with a felony record was in fact, Scott.

34.     Moreover, USIS fails to take reasonable steps to cross-reference names, dates of birth, middle initials, social security numbers, race, gender, and other personal identifiers prior to providing reports which malign the character and integrity of the consumer.  This is especially true in a nation of more than three hundred million (300,000,000) citizens who may have the same names and dates of birth.

35.     By failing to take reasonable steps to cross-reference similar names, dates of birth and social security numbers, race, and gender, USIS negligently or willfully provided an employer with grossly inaccurate information about Scott, resulting in his loss of employment.

36.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. 1681o.

## COUNT FOUR
### (Violation of 15 U.S.C. §1681i(a)(1)(A))

37.     Scott realleges and incorporates by reference all preceding allegations of law and

5

fact.

38. USIS failed to conduct a reasonable investigation to determine whether disputed information was accurate in violation of its obligations under 15 U.S.C. § 1681i(a)(1)(A).

39. USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

## COUNT FIVE
### Violation of 15 U.S.C. § 1681i(a)(2)(A)

40. Scott realleges and incorporates by reference all preceding allegations of law and fact.

41. USIS failed to provide notification of Scott's dispute to the furnishers of the disputed information within five (5) business days of receiving Scott's dispute in violation of 15 U.S.C. § 1681i(a)(2)(A).

42. USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

## COUNT SIX
### (Violation of 15 U.S.C. § 1681i(a)(2)(B))

43. Scott realleges and incorporates by reference all preceding allegations of law and fact.

44. USIS failed to promptly provide all relevant information regarding Scott's dispute to the person who provided the disputed information within the applicable time period in violation of 15 U.S.C. § 1681i(a)(2)(B).

45. USIS's conduct was willful, rendering USIS liable for actual damages and

punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** the Plaintiff, Aaron Scott prays that this Court enter judgment in his favor and against Defendant, USIS Commercial Services, Inc., on all counts and award him:

A.  Monetary damages to compensate him for his lost wages and emotional distress;

B.  Punitive damages to deter such willful and reckless conduct in the future;

C.  His court costs and attorneys' fees; and

D.  Any other relief this Court deems equitable and just.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By: /s/ Dennis M. O'Toole
Dennis M. O'Toole (0003274)
Attorneys for Plaintiff
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:    (440) 930-4001
Facsimile:    (440) 934-7208
Email:        sheffieldlaw@sheffieldlaw.com

## JURY DEMAND

Plaintiff demands a trial by a jury of eight (8) as to all issues presented herein.

/s/ Dennis M. O'Toole
Dennis M. O'Toole

\\Server2k3\Bo\26\26444-1\Complaint.Docx